John SANTA–RESTREPO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70209.
INS No. A29–637–626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided April 20, 2001.

Before MCKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

John Jairo Santa–Restrepo ("Santa") appeals the denial of his motion to reopen by the Board of Immigration Appeals ("BIA" or "Bureau"). We affirm.

Santa entered the United States from Colombia in 1987 without being inspected by an immigration officer. On February 16, 1993, the Immigration and Naturalization Service ("INS") served him with an Order to Show Cause, and he appeared before an Immigration Judge ("IJ") on

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

March 12, 1993. At that time, Santa conceded the factual allegations against him and sought relief in the form of voluntary departure. The IJ granted that relief and ordered Santa to leave the United States by May 26, 1993. Santa did not leave the country as ordered. Instead, he settled in Connecticut, entered into two marriages, had a son, and started a business. His second wife, a U.S. citizen, filed a visa petition on his behalf in 1997, and Santa applied for permanent residence on the same day. Although the visa was issued on November 8, 1997, the INS District Director denied the application for residence and instead issued a second order for Santa's deportation on January 13, 1998.

Santa responded by filing a motion to reopen before an IJ. His motion stated that reopening was appropriate because he had married a U.S. citizen and was eligible for immediate adjustment of status. The IJ denied the motion because, *inter alia*, 8 C.F.R. § 3.23(b) required Santa to file his motion to reopen within 90 days of the final administrative order in his case or by September 30, 1996, whichever came later. In his case, the critical date was September 30, 1996. Because Santa filed his motion over one year after that date, it was untimely. Santa appealed the IJ's decision to the BIA, but the Board affirmed, agreeing that the motion was due by September 30, 1996, under 8 C.F.R. §§ 3.2(c) and 3.23(b). Santa filed a timely notice of appeal in the Second Circuit, and that circuit granted the parties' joint motion to transfer venue to this court.

■ We review BIA decisions on motions to reopen for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Because the Board's decision rested on its independent application of the time requirements imposed by the immigration regulations, we review the Board's decision, not that of the IJ. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000).

■ Assuming that Santa has not waived the issue, we conclude that the BIA did not abuse its discretion in applying the provisions of 8 C.F.R. § 3.2(c) to Santa's case. The BIA's explanation of its decision was adequate in light of the simplicity of the time-bar issue-citing to the relevant regulation was explanation enough. Although Santa now challenges the BIA's refusal to exercise its power to reopen his proceedings *sua sponte*, he never asked the BIA to do so. Therefore, we cannot conclude that the Board abused its discretion.

PETITION FOR REVIEW DENIED.